**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4729**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

  v.

CHARLIE O'BRYANT TERRY, a/k/a Breezy,

     Defendant - Appellant.

**No. 19-4730**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

  v.

CHARLIE O'BRYANT TERRY,

     Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (5:17-cr-00153-BR-1; 5:07-cr-00055-BR-1)

Submitted: October 22, 2020       Decided: October 28, 2020

Before MOTZ, AGEE, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Jude Darrow, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Evan M. Rikhye, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2018, Charlie O'Bryant Terry was sentenced to 240 months' imprisonment for obstruction of justice and possession of a firearm by a convicted felon, as well as a consecutive 24-month prison term for violating his supervised release. On appeal, we determined that the district court neglected to address Terry's nonfrivolous sentencing arguments and, consequently, vacated both sentences. *United States v. Terry*, 771 F. App'x 277, 278-79 (4th Cir. 2019). At resentencing, the district court reimposed the same terms of imprisonment, and Terry now appeals, contesting both the adequacy of the court's sentencing explanations and the substantive reasonableness of each sentence. For the reasons that follow, we affirm.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). In evaluating the procedural reasonableness of a sentence, we must consider whether the district court adequately explained its chosen sentence. *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017). Moreover, "where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory [Sentencing] Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (brackets and internal quotation marks omitted). "A sentencing court's explanation is sufficient if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments for a downward departure." *Blue*, 877 F.3d at

3

519 (brackets and internal quotation marks omitted). Conversely, a court's failure to address a defendant's nonfrivolous sentencing arguments renders the resulting sentence procedurally unreasonable. *Id.*

Our review of the record confirms that the district court meaningfully addressed each of the sentencing arguments at issue. And although, as Terry highlights on appeal, the court's 240-month sentence exceeded the sentence recommended by the Government, the court fully explained that Terry's inability to stop unlawfully possessing firearms necessitated a lengthy prison sentence. Moreover, this proclivity for unlawful firearm possession—the central basis for the court's sentencing decision—extended well beyond his teenage years, thus undermining Terry's assertion that the court focused too heavily on crimes committed in his youth. Thus, we discern no error in the court's explanation of Terry's 240-month sentence.

Next, Terry maintains that his sentence is substantively unreasonable, a claim we consider by looking at "the totality of the circumstances." *Gall*, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). In reviewing a sentence outside the Guidelines range, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51.

Here, the district court indicated that the statutory maximum sentence was necessary to fulfill several different sentencing goals, including deterrence, incapacitation, and just punishment. And in reaching this conclusion, the court underscored Terry's troubling

4

history with firearms. On appeal, Terry simply points to other factors that, in his view, the court should have accorded more weight. However, Terry's mere disagreement with the manner in which the court weighed the § 3553(a) sentencing factors is insufficient to establish an inappropriate exercise of the court's sentencing discretion. *See United States v. Susi*, 674 F.3d 278, 290 (4th Cir. 2012).

Turning to Terry's revocation sentence, "[a] district court has broad . . . discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* at 207 (internal quotation marks omitted). "To consider whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable." *Id.* Even if a revocation sentence is unreasonable, we will reverse only if it is "plainly so." *Id.* (internal quotation marks omitted).

A district court imposes a procedurally reasonable sentence by "considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors," "adequately explain[ing] the chosen sentence," and "meaningfully respond[ing] to the parties' nonfrivolous arguments" for a different sentence. *Id.* (footnote omitted). And a court complies with substantive reasonableness requirements by "sufficiently stat[ing] a proper basis for its conclusion that the defendant should receive the sentence imposed." *Id.* (internal quotation marks omitted).

5

Terry contends that the district court both failed to adequately explain the revocation sentence and overemphasized the seriousness of the supervision violations.[1] As relevant here, a revocation sentence "'should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.'" *United States v. Webb*, 738 F.3d 638, 641 (4th Cir. 2013) (quoting U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b), p.s.). Here, although the court made reference to the number and seriousness of Terry's supervision violations, the court focused its decision on "the egregious breach of trust" occasioned by Terry's failure to abide by the terms of his supervised release. (J.A.[2] 233). We conclude that the court did not base its decision on improper factors and, moreover, that the court's explanation, "though brief, was legally sufficient." *Rita v. United States*, 551 U.S. 338, 356 (2007). Finally, because the court adequately justified its sentencing decision, we reject Terry's challenge to the substantive reasonableness of this sentence.

Accordingly, we affirm both sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[1] Terry also claims that the district court neglected to consider his nonfrivolous sentencing arguments; however, Terry did not present any arguments specifically addressed to his revocation sentence, and, as noted above, the court amply considered the sentencing claims made in connection with his obstruction and firearm charges.

[2] "J.A." refers to the joint appendix filed by the parties in this appeal.

6